IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GOLDEN EAGLE INSURANCE
CORPORATION and GENERAL
INSURANCE COMPANY OF AMERICA,

Plaintiffs,

v.

MOON MARINE (U.S.A.)
CORPORATION,

Defendant.

No. C 12-05438 WHA

**ORDER DENYING
MOTION TO INTERVENE**

## INTRODUCTION

In an action for declaratory relief by an insurance company against its insured for liability for underlying actions in a number of courts across the United States, a plaintiff in one of the underlying actions moves to intervene. For the following reasons, the motion to intervene is **DENIED**.

## STATEMENT

On April 12, 2012, an agent of defendant Moon Marine (U.S.A.) Corporation requested a quote for "umbrella" insurance from plaintiff Golden Eagle Insurance Corporation (Compl. ¶ 13). The next day, the FDA announced that it had traced a *Salmonella* outbreak (that eventually infected 425 people across the United States) to defendant's imported tuna (*id.* at ¶ 11). On the same day as the FDA's announcement, defendant issued a voluntary recall of

58,000 pounds of tuna connected to the *Salmonella* outbreak (*ibid.*). Meanwhile, defendant and Golden Eagle continued to negotiate for insurance, ultimately contracting for a two million dollar excess policy on April 20 (*id.* at ¶¶ 15–19). Because defendant failed to inform Golden Eagle of its connection to the outbreak, Golden Eagle refunded the premium paid for the policy and informed defendant it was rescinding the excess policy (*id.* at ¶ 25).

Plaintiff insurance companies filed the present action herein for declaratory judgment in October. Plaintiff Golden Eagle claims that it had properly rescinded the excess policy because defendant failed to disclose the product recall in applying for the policy (Compl. ¶¶ 21–27). Plaintiff General Insurance Company of America claims that any illnesses arising from the outbreak constituted one occurrence under its insurance contract with defendant (*id.* at ¶¶ 28–36).

Victims who fell ill during the outbreak have filed suit against defendant in state and federal courts (*id.* at ¶ 19). One such person is Shawnna Martinez. In November, after plaintiffs filed this action, Martinez sued defendant in California state court, alleging that on April 6, she consumed defendant's food contaminated with *Salmonella* and fell ill beginning April 18 (Br. Exh. A ¶¶ 25–27). She asserts claims for strict product liability, negligence, and breach of implied warranty (*id.* at ¶¶ 39–57). Her claimed damages are in excess of $200,000 (*id.* at ¶ 37).

In early January 2013, Martinez filed a motion to intervene in the instant action as to both plaintiffs' claims either by right or by permission (Br. 5). While Martinez's motion was pending, General Insurance's claim was stayed by order dated January 22 because the "occurrence" claim would overlap factually with the underlying actions (Dkt. No. 41). The briefs on the instant motion did not consider this recent order. A mediator was appointed in early February (Dkt. No. 45).

A hearing was held on February 14, 2013, at which no one appeared for any plaintiff.

**ANALYSIS**

In evaluating a motion to intervene, "all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations

2

supporting the motion [are taken] as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### 1.  INTERVENTION OF RIGHT.

Rule 24(a) provides that on timely motion, a court must permit anyone to intervene in an action who:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

An applicant seeking to intervene of right in a pending lawsuit pursuant to Rule 24(a) must satisfy four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quotation omitted).

Our court of appeals considers the first requirement, the interest test, as a threshold requirement to intervention of right. *Fresno Cnty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Because Martinez fails this threshold requirement, it is not necessary to analyze the remaining requirements.

An applicant for intervention "has a significant protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "An economic stake in the outcome of the litigation, even if significant, is not enough." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Underscoring the interest test is a "liberal policy in favor of intervention" because it frequently "prevent[s] or simplif[ies] future litigation" and supports the "efficient resolution of issues." *City of Los Angeles*, 288 F.3d at 397–98. Although neither the parties' briefing nor this Court's research identified any authority directly on point, the following general principles lead to the conclusion that Martinez does not

3

have a legally protectable interest in the property or transaction that is the subject of this action — namely whether Golden Eagle's rescission of the insurance policy was valid.

Martinez argues that she has an economic interest because "her ability to recover her damages in her own case will be practically affected" by this action (Br. 9). Even though Martinez's claimed injury is significant, her interest is still speculative because it ultimately depends on a jury finding defendant liable and awarding her damages. More importantly, she has no contract rights at all in the insurance contract at issue.

Martinez cites authority from California as proof that she has a legally protected interest. Even if California courts allow intervention in similar cases, this interest still fails to satisfy the additional requirement of non-speculative. Accordingly, her economic interest is not sufficient to satisfy the interest test.

Martinez also argues that she "has an interest in resolving questions of law and fact that will be common to" this action and her state action (Br. 9). She points to no controlling authority that resolving a question of law or fact is a legally protected interest. Martinez will not be bound by any finding herein and may litigate anew all fact issues, if any, about how the *Salmonella* outbreak occurred, but should do so in her own lawsuit, not this one.

Finally, the liberal policy of allowing intervention does not apply here. Martinez has an action pending on the allegedly related issues, and allowing her to intervene in this action will not stay that state court action. She and defendant will still need to litigate in state court no matter the result in this action. Moreover, Martinez has not alleged she is unique from any of the other potential plaintiffs who allegedly fell ill from defendant's tuna. If Martinez can intervene, then potentially all 425 people who fell ill could intervene in this action. Allowing Martinez to intervene will not prevent or simplify future litigation or provide an efficient resolution of issues. Accordingly, Martinez does not satisfy the threshold requirement for intervention of right.

This order now turns to Martinez's claims that she may intervene by permission pursuant to Rule 24(b).

4

### 2. PERMISSIVE INTERVENTION.

Under Rule 24(b), a district court may grant permissive intervention where the applicant demonstrates "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quotation omitted). However, "[e]ven if an applicant satisfies those requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). Where intervention would undermine the efficiency of the litigation process, a petition for permissive intervention may be denied. *United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996) (holding that denying leave to intervene for complicating the issues and prolonging litigation was not abuse of discretion).

An independent jurisdictional basis is only required when the intervenor seeks "to litigate a claim on the merits." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Although Martinez appended the complaint from her state action to the instant motion, she does not explicitly state that she wants to litigate her state causes of action against defendant in this action. To the extent that she does, her motion should have demonstrated an independent basis for jurisdiction. She did not attempt to do so. Based on her complaint, however, it is unlikely she could have met this requirement in any event. According to her complaint, she and defendant are both residents of California (Br. Exh. A. ¶¶ 1–2). Additionally, her claims for relief do not sound in federal law. Thus, she could not demonstrate either diversity or federal-question jurisdiction. Therefore, she does not meet this requirement for permissive intervention in order to litigate her underlying claim.

Martinez may also seek to intervene without litigating her own claim on the merits. If so, she will need to satisfy the other requirements. Because she fails to demonstrate that her claim has a question of law or fact in common, she cannot satisfy the requirements for permissive intervention.

5

In her brief, Martinez alleges that various questions of law or fact are commonly shared between this action and her underlying claim (Br. 12). Martinez claims that "conditions of the fishery" and the scope of defendant's "duties, breaches of such duties, and liability for the underlying injuries" are issues that may arise in the current action (*ibid.*). This may be true for General Insurance's claim on the application of the "occurrence," but it is not relevant to Golden Eagle's claim concerning the negotiation of insurance. As stated above, General Insurance's action has been stayed. Martinez also argues that "questions of law regarding the insurance policies at issue in the present case are highly relevant" to her state claims (*ibid.*). Relevance, however, is not the standard. The issue of law must be "in common."

Finally, Martinez argues that "whether and when" defendant knew of the outbreak and the timing of defendant's "knowledge of FDA and CDC investigations and their results" are commonly shared between both actions. While defendant's knowledge is potentially at issue in both this action and in Martinez's underlying action, it is not central to her claims. The minimal factual overlap is insufficient to outweigh the inefficiencies that may result in allowing Martinez to intervene. Accordingly, this order finds that permissive intervention is inappropriate.

The foregoing is sufficient and dispositive, but a further consideration is that the judge herein has learned the hard way that allowing interventions of this type will allow the intervenor, having achieved party status, to try to torpedo settlements and to try to take appeals even though no original party wishes to appeal, in effect throwing sand in the gears of a "speedy, just and inexpensive" litigation.

## CONCLUSION

For the foregoing reasons, and notwithstanding the failure of counsel for the insurance companies to appear and to argue, the motion to intervene is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6